## James J. Ryan, Appellee, v. Chicago Foundry Company, Appellant.

### Gen. No. 21,398.   (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in the Branch Appellate Court at the March .term, 1915. Affirmed. Opinion filed July 20, 1916.

### Statement of the Case.

Assumpsit by James J. Ryan, plaintiff, against Chicago Foundry Company, a corporation, defendant, based upon an award made for plaintiff against defendant under the Workman's Compensation Act of 1911 (J. & A. ¶ 5449 *et seq.*), which was signed by only two of the three arbitrators appointed thereunder. From a judgment for plaintiff, defendant appeals.

EASTMAN & WHITE, for appellant.

GORMAN, POLLOCK, SULLIVAN & LIVINGSTON, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. WORKMEN'S COMPENSATION ACT—*when award signed by two of three arbitrators sufficient.* Under section 10 of the Workmen's Compensation Act (J. & A. ¶ 5459), and section 1 of the act as to

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number. ·

statutory construction (J. & A. ¶ 11102), an award of the arbitrators which is signed by only two of the three arbitrators appointed under the Workmen's Compensation Act is valid.

2. COURTS, § 100*—*when County Court has jurisdiction of assumpsit on award.* The County Court has jurisdiction of a suit in assumpsit based on an award for less than $1,000.

3. ASSUMPSIT, ACTION OF, § 6*—*when proper remedy on an award.* Assumpsit is a proper remedy on an award.

4. WORKMEN'S COMPENSATION ACT—*when evidence as to liability of employer properly excluded in assumpsit on award.* In a suit in assumpsit based on an award made under the Workmen's Compensation Act (J. & A. ¶ 5449 *et seq.*), evidence bearing on the question of defendant's liability under such act is properly excluded as irrelevant.